IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY THOMAS,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:22-cv-00284

UNITED STATES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant United States of America's Motion for Partial Summary Judgment* (Document 60), the *Defendant United States of America's Memorandum in Support of Its Motion for Partial Summary Judgment* (Document 61), the *Plaintiff's Response to Defendant United States of America's Motion and Memorandum of Law in Support of Motion for Partial Summary Judgment* (Document 63), and the *Reply of Defendant United States of America to Plaintiff's Response to Defendant United States of America's Motion and Memorandum in Support of Its Motion for Partial Summary Judgment* (Document 64), as well as all attached exhibits.

The United States contends partial summary judgment is appropriate as to "all of Plaintiff's claims of negligence that allegedly occurred on a date other than March 27, 2019" and all such claims "based on the health care services rendered by deemed employees Sue Westfall, M.D., and Ashley L. Portz, PA-C."  (Mot. for Partial Summ. J. at 2) (Document 60.)  Specifically, the United States asserts that the Plaintiff has not produced expert testimony to support a claim that

any deemed employees of the United States breached the standard of care for any health care services, "other than those allegedly performed on March 27, 2019." (*Id.* at 1.) The United States further avers that it is undisputed that Dr. Westfall and Ms. Portz did not render health care services to the Plaintiff on March 27, 2019. (*Id.*) Accordingly, the United States argues that the Plaintiff "cannot prove through expert testimony" that either Dr. Westfall or Ms. Portz breached the standard of care or proximately caused her injuries, and thus "any claims being asserted based on [their] conduct . . . should be dismissed." (Mem. in Supp. of Mot. for Partial Summ. J. at 6) (Document 61.)

The Plaintiff "agrees that her liability claim against the Defendant is based on the negligent conduct of medical providers employed at Defendant's primary care clinic other than [Dr. Westfall] and [Ms. Portz]." (Pl.'s Resp. at 1) (Document 63.) Thus, she "does not intend to present evidence at trial" regarding any claim of negligence against either Dr. Westfall or Ms. Portz. (*Id.*) Rather, the Plaintiff notes that while her *Complaint* names Dr. Westfall and Ms. Portz, "her allegations of negligence are not limited to the conduct of those two medical providers," and her identified expert witnesses have instead "opined that certain medical providers" other than Dr. Westfall and Ms. Portz "were negligent in the care they provided (and failed to provide) to Plaintiff" during a visit on March 27, 2019. (*Id.* at 2.) The Plaintiff opposes the United States' motion only "[t]o the extent that [it] would seek to preclude Plaintiff from proceeding to trial based on the opinions her experts have expressed during discovery." (*Id.* at 4.) To that end, she maintains that such expert testimony "clearly support[s] a claim of medical negligence against the Defendant based on the negligent care" provided by the other medical providers identified through discovery. (*Id.*) The United States does not appear to seek such relief or contest this point.

Accordingly, the Court finds that there remains no genuine dispute of material fact regarding the claims against Dr. Westfall and Ms. Portz, and that the United States is entitled to partial summary judgment on those claims.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant United States of America's Motion for Partial Summary Judgment* (Document 60) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 16, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA